UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

JUDIE FARR,

        Relator,

                                                  Case No. 25-cv-0185-bhl

    v.

COLUMBIA COUNTY SHERIFF'S DEPARTMENT,
COLUMBIA COUNTY CLERK OF COURT and
JOHN DOES 1-10,

        Defendants.

## SCREENING ORDER

On February 6, Plaintiff Judie Farr, proceeding without an attorney, filed this lawsuit, alleging a number of federal claims against Defendants Columbia County Sheriff's Department, Columbia County Clerk of Court, and John Does 1–10. (ECF No. 1.) Given Farr's *pro se* status, the Court will exercise its discretion to screen her complaint. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. App'x 356, 357 (7th Cir. 2008) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)). Because Farr has failed to allege facts sufficient to support a claim upon which relief can be granted based on any of the theories she alleges, her complaint will be dismissed.

### FACTUAL BACKGROUND[1]

Farr is a Wisconsin resident. (ECF No. 1 at 2.) Defendant Columbia County Sheriff's Department is a law enforcement agency, and Defendant Columbia County Clerk handles court notifications and forfeiture proceedings. (*Id.*) Farr's complaint does not explain why she included the unnamed John Doe defendants, other than to generally accuse "unidentified officers of the court, judges, clerks, and law enforcement officials" of conspiring against her. (*Id.*)

---

[1] This Background is derived from Farrs's amended complaint, (ECF No. 1), the allegations in which are presumed true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

Around January 31, 2024, Farr paid $10,000 in cash to the Columbia County Sheriff's Department to secure her son's pretrial release. (*Id.* at 2.) Farr's son was scheduled for a court appearance, but apparently neither he nor Farr received notice of the hearing. (*Id.*) When Farr's son did not appear for his hearing, Farr's $10,000 bond was forfeited. (*Id.*) Farr contends that the failure to notify her or her son of the hearing renders the taking of her son's bond illegal. (*Id.* at 2–3.)

## LEGAL STANDARD

When deciding whether a party has stated a claim upon which relief can be granted, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). But a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint states a claim upon which relief can be granted when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Farr purports to bring a number of federal claims. Count I alleges Defendants violated the False Claims Act (FCA). (ECF No. 1 at 2.) Count II asserts a due process violation under 42 U.S.C. § 1983. (*Id.*) Count III asserts claim for conspiracy in violation of 18 U.S.C. § 241 and 42 U.S.C. § 1985. (*Id.* at 3.) Count IV alleges claims for mail and wire in violation of 18 U.S.C. §§ 1341, 1343, and 1346. (*Id.*) Finally, Count V asserts a violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. (*Id.*) Farr has not alleged facts that would plausibly support violations of any of the statutes, many of which are criminal offenses that do not provide for a private civil right of action in any event.

Farr's claims are all based on her apparent dissatisfaction with a state court order related to the forfeiture of a bond she had posted related to her son. (*Id.* at 2.) She alleges that her bond was forfeited after her son failed to appear for a hearing for which he was not given notice. (*Id.*) As an initial matter, if Farr has a complaint about the forfeiture process relating to her bond, she is in the wrong court. Any issues with the state court's ruling on the bond need to be raised with the state court, and if she is dissatisfied with the state court's ruling, she can take an appeal to the Wisconsin Court of Appeals. If she does not challenge the state court's ruling in the state court system, she will be bound by the result. *See Edwards v. Ill. Bd. of Admissions to Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (citing *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996)). It is not this Court's job to correct alleged errors made in the state courts. *See id.*

Farr's complaint must be dismissed for a number of other reasons as well. She has failed to properly allege a False Claims Act violation, and, even if she did, Farr cannot proceed on an FCA claim without counsel. A *qui tam* relator sues on behalf of the government, not themselves; therefore, a party cannot pursue a *qui tam* action without an attorney. *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006). Her due process claim fails because she has not alleged that she did not receive all the process due her in state court. *See Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 627 (7th Cir. 2016). Her conspiracy claims fail because her allegations consist entirely of conclusory statements. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Indeed, Farr has failed to allege any material facts to support a claim of conspiracy. Farr's mail and wire fraud claims fail because those are criminal statutes that must be enforced by the United States Attorney; none of these statutes provide for a private civil cause of action. *See DirectTV, Inc. v. Tasche*, 316 F.Supp.2d 783, 785 (E.D. Wis. 2004) ("By itself, a criminal statute generally does not give rise to a private right of action." (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991))). Finally, Farr's RICO claim is not adequately pleaded. Congress enacted the RICO statute, and provided a civil remedy for private plaintiffs, to combat long-term criminal activity, including organized crime. *Menzies v. Seyfarth Shaw*, 943 F.3d 328, 336 (7th Cir. 2019). To state a civil RICO claim, a plaintiff must plausibly allege facts showing that defendants "(1) conduct[ed] (2) [] an enterprise (3) through a pattern (4) of racketeering activity." *Sabrina Roppo v. Travelers Com. Ins.*, 869 F.3d 568, 588 (7th Cir. 2017) (quoting *Vicom, Inc. v.*

*Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)). Farr has simply not alleged any facts that would support a RICO claim.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," or "wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). And a claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). In other words, "it is apparent from a reading of the complaint that . . . the case is going nowhere," the lawsuit is frivolous. *See Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). Given that Farr's claims must be pursued in state court, paired with her baseless conspiracy theory, it is clear that her case is frivolous and must be dismissed with prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Farr's complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge